**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JENNIFER E. SMITH
2705 Roxbury Road
Columbus, Ohio 43219                 :

                        :       CASE NO. 2:10-cv-1124

       Plaintiff

                        :       JUDGE

     v.

                        :       MAGISTRATE JUDGE

OHIO LEGAL RIGHTS SERVICE
50 West Broad Street, Ste. 1400      :
Columbus, Ohio 43215

                        :

       Defendant.

**COMPLAINT**
**(with Jury Demand)**

NOW COMES Plaintiff Jennifer E. Smith hereby proffers this Complaint for damages against Defendant Ohio Legal Rights Service.

**THE PARTIES**

1.     Plaintiff is a natural person residing in Franklin County, Ohio.

2.     Defendant is an independent state agency funded at least in part by federal grants and other federal funds, with offices in Franklin County, Ohio.

**JURISDICTION AND VENUE**

3.     Counts I and II are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.  Count III is brought on the same core of operative fact, and therefore subject to supplemental jurisdiction [pursuant to 28 U.S.C. §1367.

4.      Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has

offices in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5.      Plaintiff was employed by Defendant from May 18, 2009 until her discharge on or about

January 25, 2010.

6.      Prior to her employment, Plaintiff was diagnosed with learning-related and memory-

related disabilities.

7.      On or about August 16, 2009, Plaintiff's 90-day probation in her job should have ended,

making her a regular employee.

8.      On August 19, 2009, Plaintiff was given a document by her immediate supervisor setting

forth areas in which she was to improve her performance.

9.      In November of 2009, Plaintiff was informed that her probation had been extended

because of deficiencies in her performance.  Concurrent with being presented with this

document, Plaintiff informed her supervisor that some of the alleged deficiencies were being

caused by her disabilities, and Plaintiff requested reasonable accommodations.

10.      In early-December of 2009, Plaintiff presented her supervisor with a letter from her

treating physician outlining the scope and nature of her disabilities, and the nature of her

treatments.

11.      In December of 2009, after Plaintiff presented her letter as described in ¶10 above,

Defendant's Human Resources director told staff at a meeting that Defendant's new policy

was that anyone requesting accommodations would need to sign a release allowing

Defendant to contact their treating caregiver(s) directly.  Plaintiff signed such a release and

presented it to her treating physician.

12.     Later in December of 2009, Plaintiff presented Defendant's Human Resources Director

with a document setting forth her requests for reasonable accommodation of her disabilities.

13.     In December of 2009, Plaintiff sought the help of Ohio's Bureau of Vocational

Rehabilitation in assessing her workplace and recommending accommodations to assist her

in performing the essential functions of her position.

14.     On January 25, 2010, Plaintiff was brought to a meeting in which she was informed by

Defendant's Human Resources Director:

     a.  that Defendant did not believe that any of her requested accommodations would

help her to better perform her job;

     b.  that Defendant did not believe that Plaintiff's conditions were medical in nature;

     c.  that Defendant had not yet received a letter from Plaintiff's treating physician;

and,

     d.  That Defendant was discharging Plaintiff from her employment at that time.

15.     Defendant's operations are funded in part by significant amounts of federal funds from

the United States Department of Human Services and the United States Department of

Education.

16.     On January 27, 2010, Plaintiff filed a Charge of Discrimination with the Ohio Civil

Rights Commission and the Equal Employment Opportunity Commission ("EEOC").

17.     On or about September 20, 2010, Plaintiff received letter from the EEOC with her

Dismissal and Notice of Suit Rights regarding the Charge of Discrimination referred to in

¶16 above.

## COUNT I
### VIOLATION OF THE REHABILITATION ACT OF 1973
### 29 U.S.C. §705 et seq.

18.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-17 above as if fully rewritten here.

19.     Plaintiff was an "employee" as defined by 42 U.S.C. §12111(4).

20.     Defendant was an "employer" as defined by 42 U.S.C. §12111(5).

21.     Plaintiff was a person with a disability as defined by 29 U.S.C. §705(20).

22.     Plaintiff was qualified to perform the essential functions of her position with reasonable accommodations.

23.     Defendant disciplined and discharged Plaintiff for pretextual reasons.

24.     Defendant's treatment of Plaintiff was done with a spirit of ill will, spite and revenge, and was in reckless disregard of Plaintiff's legal rights.

25.     Defendant's failure to comply with the Rehabilitation Act entitles Plaintiff to back pay, compensatory and punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00.  Plaintiff is also entitled to the equitable remedy of reinstatement to employment and/or front pay.

## COUNT II
### VIOLATION OF THE AMERICANS WITH DISABILTIES ACT
### 42 U.S.C. §12101 et seq.

26.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-25 above as if fully rewritten here.

27.     Plaintiff was an "employee" as defined by 42 U.S.C. §12111(4).

28.     Defendant was an "employer" as defined by 42 U.S.C. §12111(5).

29.     Plaintiff was a person with a disability as defined by 42 U.S.C. §12102(2).

30.     Plaintiff was qualified to perform the essential functions of her position with reasonable accommodations.

31.     Defendant disciplined and discharged Plaintiff for pretextual reasons.

32.     Defendant's treatment of Plaintiff was done with a spirit of ill will, spite and revenge, and was in reckless disregard of Plaintiff's legal rights.

33.     Defendant's failure to comply with the Americans with Disabilities Act entitles Plaintiff to back pay, compensatory and punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00.  Plaintiff is also entitled to the equitable remedy of reinstatement to employment and/or front pay.

## COUNT III
### DISABILITY DISCRIMINATION
### OHIO REVISED CODE §4112.01 et seq.

34.     Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-33 above as if fully rewritten here.

35.     Plaintiff is an "employee" as defined by O.R.C. §4112.01(A)(2).

36.     Defendant is an "employer" as defined by O.R.C. §4112.01(A)(3).

37.     Plaintiff had a "disability" as defined by O.R.C. §4112.02(A)(13).

38.     Defendant discriminated against Plaintiff by failing to accommodate her disabilities, and by disciplining and discharging her.

39.     Defendant's discrimination has been in reckless disregard of Plaintiff's rights under the law.

40.     Defendant's violation of O.R.C. §4112.01 et seq., pursuant to O.R.C. §4112.99, entitles Plaintiff to damages including differences in back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any

event not less than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $250,000.00;

for Count II, monetary damages including back pay and benefits, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $250,000.00; and,

for Count III, monetary damages including back pay and benefits, compensatory and punitive damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $250,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Law Offices of Gary A. Reeve, LLC
513 East Rich Street, Ste. 308
Columbus, Ohio 43215
(614) 808-1881